## HARVEY SMITH v. LOUISVILLE CITY RAILWAY.

**Negligence of Common Carrier.**

The fact that a passenger has stepped from the train onto the railroad platform, does not terminate the railroad company's liability, for it is its duty to have prevented any injury to the passenger by the cars, and if those operating the car saw such passenger's peril and failed to exercise proper care to protect him the company would be liable.

**Injury to Passenger.**

Where a passenger has left the car and while he is on the platform, and the conductor, while standing on the lower steps, his body protruding, started the train and his body struck the passenger on the platform, injuring him, it will amount to negligence, for it is the company's duty to give such passenger a reasonable time to place himself beyond danger before putting the car in motion.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

January 7, 1879.

OPINION BY JUDGE PRYOR:

The undertaking of the appellee, as alleged by the appellant, is only such a contract as the law creates between the carrier and the passenger, and the former may be relieved from liability by the act of the passenger, or by exercising such a degree of diligence as conduces to show that the injury was not the result of the company's negligence or that of its employes. The cause of action in this case is the negligence of the employes, the contract to transport the plaintiff imposing on the company the duty of exercising proper care and caution in carrying him to his place of business.

The negligence complained of is that the conductor, in starting the cars after the plaintiff had left them, by retaining his position on the steps, his body protruding, was thrown against the plaintiff by the impetus of the cars and the latter knocked down and injured. That the appellant got off of the car at the proper place is not contradicted, and the jury was told that although the plaintiff had left the train, still it was appellee's duty to give him a reasonable time to place himself beyond danger before putting the car in motion; and the evidence showing that appellant was very weak and infirm, the jury were further told that in determining what was reasonable time they should take into consideration appellant's physical condition.

The fact that the appellant had reached the ground and was leav-

ing the cars did not terminate appellee's responsibility; it was still the duty of appellee to have prevented any injury to plaintiff by the cars, and if he saw plaintiff's peril and failed to exercise proper care to protect him, the company was liable. This was the substance of an instruction also given the jury, and we think the appellant has no cause to complain of the law by which his right of recovery was tested. It is true that in the special interrogatories propounded, the jury was not asked to say whether the appellant was knocked down by the body of the conductor as the car moved off, still, the jury was required to say whether the injury resulted from the negligence of the employes, and the response was in the negative. The answer of the jury to the questions propounded all conduce to disprove the existence of the facts alleged by the appellant, and we perceive no room for reversing the judgment.

Judgment *affirmed.*

*W. R. Abbott, Edwards & Seymour, for appellant.*

*M. Mundy, for appellee.*

